IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| REGIONS BANK, dba ASCENTIUM CAPITAL as successor by merger to ASCENTIUM CAPITAL, LLC, | * * * * |
| Plaintiff, | * * |
| vs. | * Civil Action No. 8:24-cv-02541-TDC * |
| RED MAN TRUCKING, INC., et al., | * * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This is a case concerning a breach of a contract and guaranty. Plaintiff, Regions Bank, doing business as Ascentium Capital, brings this suit against Red Man Trucking, Inc. for failing to make monthly payments required under a financing agreement that the parties agreed to. The Plaintiff also brings suit against Rodney Hill, guarantor of the contract, for failing to pay amounts owed under the contract after Red Man Trucking, Inc. failed to perform. Plaintiff now moves for Default Judgment, ECF Nos. 21, 26. After a hearing on the Motion for Default Judgement on October 1, 2025, the Court ordered supplemental briefing along with additional exhibits as needed addressing the calculation of damages. ECF No. 24. Plaintiff filed its Amended Motion for Default Judgment on October 27, 2025. ECF No. 26. For the reasons explained below, the Court shall grant the Amended Motion and recommend that damages be awarded in the amount of $146,838.47; attorney fees totaling $10,895.63 and costs totaling $964.80; and prejudgment

1

interest accruing from November 1, 2023, through entry of judgment herein at the per diem rate of $69.59.[1]

## BACKGROUND

I.   **Factual Background**

According to the Complaint, Plaintiff Regions Bank is an Alabama state-chartered bank with its principal place of business in Alabama. ECF No. 1, at 2. Ascentium Capital LLC was a Delaware limited liability company with its principal place of business in Texas. *Id*. On March 31, 2023, Ascentium Capital, LLC and Regions Bank merged and Regions Bank assumed Ascentium Capital, LLC's assets and liabilities. *Id*. As of the merger, Ascentium Capital is a division of Regions Bank. *Id*. Consistent with the Complaint, the Court will refer to the pre-merger entity, Ascentium Capital, LLC, and the post-merger division of Regions Bank, Ascentium Capital, collectively as "Lender" or "Plaintiff." *See id*. Lender provides financing loans to customers and does business throughout Maryland. *Id.* at 4.

On or about January 28, 2021, Lender and Defendant Red Man Trucking, Inc. ("Defendant Red Man Trucking") entered into an agreement entitled "Equipment Finance Agreement, No. 2584523" ("EFA"). ECF No. 1, at 4; ECF No. 1-2, at 2–17. Defendant Red Man Trucking is a Maryland corporation with its principal place of business at 6224 Gothic Lane, Bowie, Maryland 20720. ECF No. 1, at 2. The EFA granted Lender a security interest in the collateral, a used truck described in the EFA as "2020 Kenworth W990 Truck, VIN #1NK1XPEX9LJ428175," which was purchased by Defendant Red Man Trucking with the funds given to create the security interest.

---

[1] Plaintiff's Proposed Order and Motion requests $146,828.47 in actual damages. ECF No. 26-1, at 4; ECF No. 26-4, at 1. However, the sum total of the past due payments ($32,696.91), late charges ($5,086.19), collection expenses ($630), and future payments ($108,425.37) listed in the supporting Declaration, ECF No. 26-2, at 4, is $146,838.47.

2

ECF No. 1, at 4; ECF No. 1-2, at 2, 17. The Lender loaned Defendant Red Man Trucking a total of $206,854. ECF No. 1, at 4; ECF No. 1-2, at 11. Defendant Rodney Hill ("Defendant Hill") signed the EFA on behalf of Red Man Trucking as its president. ECF No. 1-2, at 2–4. Defendant Hill also signed the EFA in his individual capacity as a guarantor and agreed to "unconditionally guarantee . . . the payment and performance when due of all of the obligations of [Red Man Trucking] under this EFA[.]" ECF No. 1-2, at 2. The guaranty agreement goes onto state that Lender may proceed against the guarantor before proceeding against Defendant Red Man Trucking and that Defendant Hill agrees to "pay [Lender] all expenses in enforcing this Guaranty." *Id*.

Under the EFA, Defendant Red Man Trucking agreed to make seventy-two (72) consecutive monthly payments of $3,632.99 for a total amount of $261,575.28. ECF No. 1, at 4; ECF No. 1-2, at 2. Under the terms of the EFA, failure to pay any amount due under the EFA constitutes default. ECF No. 1, at 5; ECF No. 1-2, at 2. The EFA states that upon default, Lender may: a) terminate the EFA; b) take possession of the collateral securing the EFA; c) accelerate the EFA by declaring all sums due and to become due under the EFA immediately due and payable, with all future payments discounted at three percent; d) sell, dispose of, hold, or lease the collateral; and e) exercise any other right or remedy which may be available to the Lender under applicable law. ECF No. 1, at 5; ECF No. 1-2, at 2. Under the EFA, "any amount not paid when due is subject to a late charge of the lower of ten percent of such amount or the highest amount allowed by law." ECF No. 1, at 5; ECF No. 1-2 at 2. The EFA also provides that upon default, Lender is entitled to charge interest on all past due installments at the lesser of 1.5 percent per month or the "highest rate permitted by applicable law." ECF No. 1, at 5; ECF No. 1-2, at 2. The EFA requires the borrower to reimburse the Lender for all costs incurred to "enforce [Lender's] rights" including Lender's attorney's fees and costs. ECF No. 1, at 5; ECF No. 1-2, at 2.

On or about March 3, 2021, Defendant Red Man Trucking began making monthly payments to Lender.  ECF No. 1, at 4; ECF No. 1-3, at 2.  According to the Complaint and the Declaration of Anthony Campisciano, Vice President of Regions Bank, at some point in or around November 1, 2023, Defendant Red Man Trucking failed to make the full monthly payment due under the EFA.  ECF No. 1, at 4; ECF No. 26-2, at 3.  On July 6, 2024, Lender sent Defendant Red Man Trucking a "Notice of Default and Acceleration," which notified Defendants of Defendant Red Man Trucking's failure to pay the amounts due to Lender, Defendant Hill's failure to pay the amounts due, and that both Defendants were in default.  ECF No. 26-2, at 4; ECF No. 1-4, at 2–4.  The Notice of Default and Acceleration also informed Defendants that the Lender was accelerating the entire balance of the EFA, and all outstanding amounts were immediately due.  ECF No. 26-2, at 4.  Defendants failed to make full payment due to the Lender under the EFA.  ECF No. 21-1, at 2.

## II.     Procedural Background

Plaintiff Lender filed its lawsuit on August 30, 2024, raising a breach of contract claim against Red Man Trucking, a breach of guaranty claim against Rodney Hill, and a detinue claim as to both parties.  ECF No. 1, at 7–9.  On December 3, 2024, the Court ordered Plaintiff to show good cause for its failure to serve Defendants within ninety days of filing the Complaint.  ECF No. 6.  On December 5, 2024, Plaintiff responded to the Court's Order, stating that it had attempted service but was unsuccessful and it requested the ability to serve Defendants by: 1) posting service of process materials to the door of 3204 Dillon Drive, Davidsonville, Maryland 21035, and 2) by sending service of process materials via U.S. certified mail to each of Defendants' last known addresses.  ECF No. 7.  On December 18, 2024, the Court extended the deadline to serve the Defendants an additional sixty days but denied the request for alternative service because the

current resident of 3204 Dillon Drive, Davidsonville, Maryland 21035 told a process server that Defendant Hill did not reside at the address. ECF No. 8.

On January 29, 2025, Plaintiff served Defendant Red Man Trucking with a copy of the Summons and Complaint through service upon the Maryland Department of Assessment and Taxation. ECF No. 9; ECF No. 9-1; *see also* Fed. R. Civ. P. 4(h); Maryland Rule 2-124(o). After being unable to serve Defendant Hill, on February 14, 2025, Plaintiff renewed its Motion for alternative service and an extension on the time to serve. ECF No. 10. Because Defendant Hill is involved in foreclosure litigation over the property at 3204 Dillon Drive, Plaintiff asked for the ability to serve Mr. Hill by: 1) posting service of process materials to the door of 3204 Dillon Drive, Davidsonville, Maryland 21035; 2) utilizing U.S. certified mail to send the service of process materials to 3204 Dillon Drive, Davidsonville, Maryland 21035; and 3) utilizing Federal Express to send the service process materials to Justin MacFarlane Hoyt, the attorney representing Defendant Hill in a separate state court case. *See id.* at 6; ECF No. 10-2, at 3. On April 3, 2025, the Court granted Plaintiff's Motion, allowing an additional thirty days for service of process and permitting alternative service on Defendant Hill. ECF No. 11. On April 13, 2025, an independent process server served Defendant Hill by attaching a copy of the Complaint, Summons, and related court filings to the front door of the property. ECF No. 12. On April 15, 2025, Plaintiff mailed the Summons, Complaint, and related court filings to Justin MacFarlane Hoyt via FedEx and Defendant Hill via U.S. certified mail. ECF No. 12-1.

After Defendants failed to file a responsive pleading within the twenty-one-day window after Plaintiff served them, on May 23, 2025, the Court ordered Plaintiff to file and serve on Defendants a Motion for Clerk's Entry of Default, pursuant to Federal Rule of Civil Procedure 55(a) or show cause as to why such a motion would be inappropriate. ECF No. 13. On June 6,

2025, Plaintiff filed a Motion for Clerk's Entry of Default as to Rodney Hill and Red Man Trucking. ECF No. 14. The Clerk of this Court entered Defendants' default on June 9, 2025. ECF No. 16. The Notice of Default sent to Defendant Red Man Trucking was returned as undeliverable on June 20, 2025, ECF No. 19, and July 14, 2025, ECF No. 20.

On July 15, 2025, Plaintiff filed its Motion for Default Judgment. ECF No. 21. In support of its Motion, Plaintiff filed the Declaration of Anthony Campisciano, Vice President of Plaintiff Regions Bank, and the Declaration of Stuart R. Goldberg, counsel for Plaintiff. ECF No. 21-1. On July 21, 2025, the Honorable Theodore D. Chuang referred the Motion to my Chambers for review of the Motion and a recommendation regarding damages. ECF No. 22. On October 1, 2025, the undersigned held a hearing on the Motion, where the Court asked for clarification on how Plaintiff's claimed damages were calculated, ECF No. 25, and ordered that within thirty days, Plaintiff file a supplemental motion, along with any additional exhibits as needed, addressing the calculation of collection expenses, past due payments, late charges, and future payments. ECF No. 24. On October 27, 2025, Plaintiff filed an Amended Motion for Default Judgment along with declarations from Anthony Campisciano and Lacey E. Rochester, counsel for Plaintiff, describing how the totals were calculated and including additional supporting exhibits. ECF No. 26. In its original Motion, Plaintiff sought $148,493.19, however, in its Amended Motion, Plaintiff seeks a total of $146,838.47. ECF No. 26-1, at 2. The total consists of 1) past due payments totaling $32,696.91; 2) late charges totaling $5,086.19; 3) collection expenses totaling $630.00; and 4) future payments totaling $108,425.37. *Id.* at 4–5. Additionally, Plaintiff seeks an award of attorneys' fees in the amount of $10,895.63 and costs totaling $964.80. *Id.* at 5. Finally, Plaintiff asks for an award of interest, accruing since default on November 1, 2023, through entry of judgment at a per diem rate of $69.59. *Id.*

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is left to the discretion of the Court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421). Default judgment is proper where a defendant is unresponsive. *See Parl Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896–97 (4th Cir. 1987) (affirming a default judgment award where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pled factual allegations in the Complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one related to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation omitted)).

7

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g.*, *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *2–3 (D. Md. Apr. 9, 2012*); *United States v. Nazarian*, No. DKC 10-2962, 2011 WL 5149832, at *2–3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544–45 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pled and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied. *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544–45 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

## DISCUSSION

More than ten months have passed since Plaintiff served Defendant Red Man Trucking with the Complaint through service upon the Maryland Department of Assessment and Taxation. ECF No. 9; ECF No. 9-1; *see also* Fed. R. Civ. P. 4(h); Maryland Rule 2-124(o). It has been more than seven months since Plaintiff served Defendant Hill through alternative process authorized by the Court. *See* ECF Nos. 11, 12, 12-1. The Defendants have not entered an appearance in the matter and the deadline for Defendants to answer has passed. *See* Fed. R. Civ. P. 12(a)(1)(A). The "unresponsive part[ies]" have halted the "adversary process," and therefore, default judgement is warranted if Plaintiff can establish their liability. *Nazarian*, 2011 WL 5149832, at *2.

The Court begins by addressing jurisdiction, then proceeds to assess liability and damages, ultimately granting Plaintiff's Amended Motion for Default Judgment.

**I.     Jurisdiction**

The Court must first assess whether it has subject-matter jurisdiction over the claim. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists."). The Court may preside over Plaintiff's claims because the requirements for diversity jurisdiction are met: the amount in controversy is more than $75,000 and the parties are completely diverse. *See* 28 U.S.C. § 1332(a)(1).

Complete diversity exists because Plaintiff is a citizen of Alabama, and both Defendants are citizens of Maryland. A business organized as a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). State banks, typically charted as corporate bodies by a particular state, "fit comfortably within this prescription." *Id.* Therefore, Plaintiff Regions Bank is a citizen of Alabama,[2] the state where it is chartered and where its principal place of business is located, and Defendant Red Man Trucking is a citizen of Maryland where it is incorporated and has its principal place of business. ECF No. 1, at 2. An individual is a citizen of the state in which he is domiciled. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Based on the Complaint, Defendant Rodney Hill is a Maryland resident with a last known address of 3204 Dillon Drive, Davidsonville, Maryland 21035. ECF No. 1, at 2. Finally, the amount in controversy exceeds $75,000. ECF No. 1, at 7–8.

---

[2] In his declaration, Anthony Campisciano states that he is Vice President of Regions Bank, d/b/a Ascentium Capital, as successor by merger to Ascentium Capital, LLC, and that Plaintiff's principal place of business is located in Texas. ECF No. 26-2, at 1. Mr. Campisciano's declaration conflicts with the Complaint which states that Ascentium Capital, LLC was a Delaware limited liability company with its principal place of business in Texas, but after the merger the only surviving entity was Regions Bank, which has its principal place of business in Alabama. ECF No. 1, at 2. Because complete diversity is not affected if Plaintiff's principal place of business is in Texas or Alabama, the Court does not need to resolve this conflict to establish jurisdiction.

## II.     Liability

A federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules. *See Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4 (1975) (per curiam) (holding that federal courts sitting in diversity jurisdiction must apply the choice-of-law rules of the state in which the court is located). "Maryland applies the law of the state in which the contract was formed . . . unless the parties to the contract agreed to be bound by the law of another state." *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 961 (D. Md. 2016). A contract is formed at the place where the last act necessary to make an agreement a binding contract is performed. *UBS Fin. Servs., Inc. v. Padussis*, 127 F. Supp. 3d 483, 492 (D. Md. 2015) (citing *Konover Prop. Tr. Inc. v. WHE Assoc., Inc.*, 790 A.2d 720, 728 (Md. Ct. Spec. App. 2002). Following this reasoning, the contract of guaranty is made in the state where the making of the loan is done. *Union Tr. Co. of N. J. v. Knabe*, 89 A. 1106, 1114–15 (Md. 1914). Here, the contract was formed in Maryland because the EFA and guaranty were signed by Defendant Hill in Maryland and the loan was issued in Maryland to a Maryland corporation. *See* ECF No. 1, at 4; ECF No. 1-2, at 2. Under Maryland law, Plaintiff has sufficiently established liability for breach of contract and breach of guaranty.

### A. Breach of Contract

"To establish breach of contract under Maryland law, a plaintiff must demonstrate a contractual obligation, breach, and damages." *PNC Bank v. Chatani*, No. WDQ-13-1202, 2013 WL 4541486, at *2 (D. Md. Aug. 23, 2013) (citing *Kumar v. Dhanda*, 17 A.3d 744, 749–50 (Md. Ct. Spec. App. 2011)). "A contract exists where there is 'mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration.'" *Hartford Fin. Servs. Grp., Inc. v. Carl J. Meil Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *4 (D. Md. May 5,

2011) (quoting *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004)).  The contractual obligation must be explained with "certainty and definiteness."  *RRC Ne., LLC v. BAA Md., Inc.*¸ 994 A.2d 430, 440 (Md. 2010).  In Maryland, a security agreement is effective according to its terms between the parties, against purchasers of the collateral, and against creditors.  Md. Code Ann., Comm. Law § 9-201(a).

Plaintiff has established a breach of contract.  Plaintiff and Defendant Red Man Trucking entered into a security agreement, the EFA, on January 28, 2021.  ECF No. 1, at 4; *see also* Md. Code Ann., Comm. Law § 9-201(a).  There was mutual assent and consideration.  Plaintiff provided the $206,854 loan to Defendant Red Man Trucking for the purchase of a truck, and in return, Defendant Red Man Trucking agreed to pay back the loan through seventy-two monthly payments of $3,632.99 and provided a security interest in the truck purchased with the loan.  ECF No. 1-2, at 2.  The obligations of the EFA were explained with enough certainty for Defendant Red Man Trucking to understand its performance requirements under the contract.  *See id.*  Defendant Red Man Trucking breached the contract when it failed to pay the full amount due in November 2023.  *Id.*; ECF No. 26-2, at 3.  Defendant continued to breach the contract when, after it defaulted, it failed to pay the accelerated total loan amount.  ECF No. 1-2, at 2; ECF No. 26-2, at 3–4.  As a result, Plaintiff suffered damages in the absence of its owed payments.  *See* ECF No. 26-2, at 4; *see also Frosted Apple, LLC v. Coastal Lab'ys, Inc.*, No. JKB-22-1128, 2024 WL 4839155, at *3–4 (D. Md. Nov. 20, 2024) (finding breach where a defendant failed to pay "the required amount" owed pursuant to a contract made with a plaintiff).

### B. Breach of Guaranty

Similarly, Plaintiff has established that Defendant Hill breached the guaranty agreement. A guaranty is a form of commercial obligation in which the guarantor promises to perform if the

principal does not.  *Mercy Med. Ctr, Inc. v. United Healthcare of the Mid-Atlantic, Inc.*, 815 A.2d 886, 901 (Md. Ct. Spec. App. 2003) (citations omitted).  A guarantor is secondarily liable to the creditor on the contract and "his promise to answer for the debt, default, or miscarriage of another becomes absolute upon default of the principal debtor and the satisfaction of the conditions precedent to liability."  *Middlebrook Tech, LLC v. Moore*, 849 A.2d 63, 75 (Md. Spec. Ct. App. 2004) (citing *Gen. Motors Acceptance Corp. v. Daniels*, 492 A.2d 1306, 1309 (Md. 1985)).  A secondary obligation is essentially contractual in nature and general formation rules apply to these obligations.  Restatement (Third) of Sec. & Suretyship & Guar. § 7.

Defendant Hill executed a guaranty as part of the same instrument which provided a loan to Defendant Red Man Trucking.  ECF No. 1-2, at 2.  The terms of the guaranty agreement state: "You [Rodney Hill] . . . unconditionally guarantee to [Lender] and [Lender's] assigns the payment and performance when due of all of the obligations of the Debtor under the EFA and all related documents executed by the Debtor[.]"  *Id.*  There was mutual assent and consideration, as Defendant Hill signed the guaranty to induce Plaintiff Lender to loan Defendant Red Man Trucking the money required to purchase a truck.  *See Lutz v. Porter*, 112 A.2d 480, 482 (Md. 1955) ("[I]f one guarantees the performance of a contract at the time of making the contract, the same consideration that supports the contract supports the guarantee.").  Defendant Hill became liable for the payments due when Defendant Red Man Trucking defaulted on the loan and failed to pay the amount due in November 2023.  *See* ECF No. 1-2, at 2; ECF No. 26-2, at 3.  To date, Defendant Hill has not paid the amounts owed under the EFA.  *See* ECF No. 26-2, at 4.  Accordingly, Defendant Hill is liable for breach of guaranty.

**III.    Damages**

If the complaint alleges facts sufficient for the Court to find liability, the Court turns to damages. *Walsh v. Yost*, No. 8:20-cv-00449-PX, 2022 WL 9362277, at *2 (D. Md. Oct. 14, 2022). Damages are limited to what Plaintiff requests in the Complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). "[T]he Court must make an independent determination regarding damages allegations," either by "conduct[ing] an evidentiary hearing" or by examining the evidence in the record. *Id.* Affidavits describing how plaintiff calculated damages and other documentary evidence, including invoices, can satisfy this requirement. *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010) (finding affidavits describing the calculation of damages and documentary evidence sufficient to find damages); *DIRECTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (finding uncontradicted affidavits sufficient to prove damages). In its Amended Motion, Plaintiff seeks: 1) actual damages of $146,838.47 which includes past due payments totaling $32,696.91, late charges totaling $5,086.19, collection expenses totaling $630.00, future payments totaling $108,425.37; 2) interest, accruing since default on November 1, 2023, through entry of judgment at a per diem of $69.59; and 3) an award of its attorneys' fees and costs totaling $11,860.43. ECF No. 26-1, at 4–5; ECF No. 26-2, at 4. Plaintiff has presented sufficient evidence to support its claim for damages, costs and fees by way of the EFA, uncontradicted affidavits, and invoices.

### A. Actual Damages

#### 1. Past Due Payments

Plaintiff has met its burden to demonstrate that Defendants Red Man Trucking and Hill owe it past due payments totaling $32,696.91. The EFA required Defendant Red Man Trucking to pay $3,632.99 per month for seventy-two months. ECF No. 1-2, at 2. After Defendant Red

13

Man Trucking defaulted in November 2023, Lender sent the notice of default and acceleration on July 6, 2024, at which point Defendant Red Man Trucking was nine months in arrears on its payments to Plaintiff (payments for November 2023 through July 2024), totaling $32,696.91. ECF No. 26-2, at 5. Although Defendant Red Man Trucking made payments on November 27, 2023 ($2,500), December 22, 2023 ($3,300), and February 29, 2024 ($3,800), Plaintiff applied these payments to prior unpaid amounts; therefore, these payments were not applied against the past due total. *See* ECF No. 26-2, at 5 & n.3. After Defendant Red Man Trucking's default, Defendant Hill is also liable for past due payments. *See* ECF No. 26-2, at 3–4; ECF No. 1-2, at 2.

### 2. Late Charges

Plaintiff has demonstrated that Defendants Red Man Trucking and Hill owe it late charges totaling $5,086.19. The EFA states that "any amount not paid when due is subject to a late charge of ten percent (10%) of such amount or the highest amount allowed by law." ECF No. 1-2, at 2. Plaintiff assessed late charges by "applying a 10% fee against the total amount owed for each missed and/or late monthly payment." ECF No. 26-2, at 5. In its original Motion, Plaintiff sought late charges totaling $6,690.91, related to nineteen full or partial missed or late payments before acceleration. ECF No. 21-1, at 4. In its Amended Motion, Plaintiff seeks late fees for fourteen missed full monthly payments totaling $5,086.19 ($363.299 times 14). ECF No. 26-2, at 6; *see also DIRECTV, Inc.*, 2005 WL 3435030, at *2 (finding that uncontradicted affidavits were sufficient to prove damages).

### 3. Collection Expenses

Plaintiff has sufficiently established that Defendants Red Man Trucking and Hill owe collection expenses totaling $630. The EFA states that Defendant Red Man Trucking is responsible for all "costs [Lender] incur[s] in enforcing [Lender's] rights." ECF No. 1-2, at 2. Initially,

14

Plaintiff requested $680 in collection expenses, ECF No. 21-1, at 4, but in its Amended Motion, now seeks $630 consisting of insufficient fund fees and expenses related to inspection and repossession. ECF No. 26-2, at 7. In his declaration, Mr. Campisciano states that $180 of the $630 collection expenses amount is based on occasions when Defendant Red Man Trucking would make a payment that was reversed for insufficient funds, resulting in Plaintiff charging Defendant a $30 insufficient funds fee. *Id*. In Mr. Campisciano's supporting declaration, he states that Defendants have not paid six months of insufficient funds fees for a total $180. *Id.* Plaintiff additionally charged Defendant Red Man Trucking $200 for an inspection it ordered in May 2022 after Defendant Red Man Trucking had several payments reversed for nonpayment, and $250 for an attempted repossession of Plaintiff's collateral on July 14, 2023, which are documented in receipts attached to Mr. Campisciano's Declaration. *Id.* at 7, 28, 29; *see also* ECF No. 1-2, at 2 (providing Lender a security interest in the truck purchased with the loan and giving Lender the ability to repossess the collateral upon default). Because these charges are related to the collection of amounts owed to Plaintiff under the EFA and the EFA provides that Defendants will be liable for this amount, the Court will award $630 in collection expenses.

    **4. Future Payments**

Plaintiff has sufficiently demonstrated Defendants Red Man Trucking and Hill owe it future payments totaling $108,425.37. The EFA provides that upon an event of default, Plaintiff may declare all future payments due and payable with "all future payments discounted at 3% as calculated by [Lender]." ECF No. 1-2, at 2. At the time Plaintiff sent Defendants the Acceleration Notice on July 6, 2024, Defendant Red Man Trucking still owed thirty-one months of payments under the EFA. *See* ECF No. 26-2, at 7. Plaintiff internally calculates the 3% discount rate which results in a discount greater than merely deducting 3% of total remaining future payments. *Id.*

15

Therefore, Defendants Red Man Trucking and Hill owe Plaintiff the future payments amount of $108,425.37.

### 5. Per Diem Interest Rate

Plaintiff has demonstrated that it is owed a per diem interest rate of $69.59, starting November 1, 2023, the date that Defendant Red Man Trucking defaulted, through the date that the Court enters judgment. Under the EFA, Defendant Red Man Trucking agrees to pay interest totaling 1.5% per month on all past due amounts or the highest rate allowed by law. ECF No. 1-2, at 2. The per diem rate is calculated on the sum of the past due payments and the future discounted payments, $144,122.28, for a per diem rate of $69.59. ECF No. 26-2, at 7–8.

### B. Attorneys' Fees and Costs

In diversity actions, state law governs a party's right to recover attorney's fees. *See Ranger Const. Co. v. Prince William Cnty. Sch. Bd.*, 605 F.2d 1298, 1301 (4th Cir. 1979). In Maryland, a prevailing party ordinarily is not entitled to recover attorneys' fees as part of compensatory damages, but litigation expenses "may be awarded where the parties' contract provides for fees and costs." *Atl. Contracting & Material Co. v. Ulico Cas. Co.*, 844 A.2d 460, 477 (Md. 2004) (citations omitted). Generally, a contractual obligation to pay attorneys' fees is valid and enforceable absent misconduct or fraud or other grounds for voiding a contract. *Id.* (citations omitted). Where a contract calls for an award of attorneys' fees, the court "will examine the fee request for reasonableness, even in the absence of a contractual term specifying that the fees be reasonable." *Id.* (citing *Rauch v. McCall*, 761 A.2d 76, 84 (Md. Ct. Spec. App. 2000)). To determine the reasonableness of attorneys' fees required under a contract, courts should "use the factors set forth in Rule 1.5 [of the Maryland Lawyers' Rules of Professional Conduct]." *Monmouth Meadows Homeowners Ass'n v. Hamilton*, 7 A3d. 1, 8 (Md. 2010). These factors

include, among others: the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the fee customarily charged in the locality for similar services; the amount involved and the results obtained; the time limitations imposed by the circumstances; and the experience, reputation, and ability of the attorney or attorneys performing the services. Md. R. Atty. 19-301.5(a).

Plaintiff is entitled to the attorneys' fees and costs requested. The EFA provides that upon default, Plaintiff is entitled to recover its attorneys' fees and costs. ECF No. 1-2, at 2. The Guaranty also provides that Defendant Hill is liable to Plaintiff for all amounts due to the Plaintiff by Defendant Red Man Trucking, including attorneys' fees and costs. *See id.* Plaintiff is requesting a total of $10,895.63 in attorneys' fees and $964.80 in costs. ECF No. 26-1, at 10. In support of its request for attorneys' fees and costs, Plaintiff submits the Declaration of Lacey E. Rochester and includes invoices documenting the hours billed, the hourly rate, and costs incurred. ECF No. 26-3. The fees requested are reasonable given the amount of time spent attempting service and drafting motions to request additional time for service and alternative service. *Id.* at 2–3. The amount requested is also reasonable given the amount in controversy, $146,838.47. *See* Md. R. Atty. 19-301.5(a). Finally, the cost of $964.80, which consists of the filing fee and the cost of hiring process servers, is reasonable. *See* ECF No. 26-1, at 10; ECF No. 26-3, at 4.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Amended Motion for Default Judgment, ECF No. 26, is granted. The Court recommends that damages be awarded in the amount of $146,838.47;

17

attorney fees totaling $10,895.63 and costs totaling $964.80; and prejudgment interest accruing from November 1, 2023 through entry of judgment herein at the per diem rate of $69.59.[3]

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

Date:   December 8, 2025

                  /s/
Ajmel A. Quereshi
United States Magistrate Judge

---

[3] "[T]he court need not specifically grant an award of post-judgment interest because Plaintiff is entitled to recover such interest by operation of law." *Choice Hotels, Inc. v. Jai Shree Navdurga, LLC*, No. DKC 11–2893, 2012 WL 5995248, at *3 (D. Md. Nov. 29, 2012) (citing 28 U.S.C. § 1961(a): "Interest shall be allowed on any money judgment in a civil case recovered in a district court.").